Taxes; income tax; deductions; charitable contributions; fair market value of general partner’s interest in real estate partnership. — Plaintiffs seek to recovery alleged overpay-ments of income tax and assessed interest for 1973. During a speculative land boom in Dallas, Texas, one Godwin executed a contract for purchase of a 358.666-acre parcel of land located in Dallas. A limited partnership was created between The Godwin Family Trust, as general partner, and certain individuals as limited partners, the stated purpose being to purchase and develop the property as a self-contained community including retail and office complexes, medical facilities, and a residential community. The partnership agreement provided, inter alia, that any net profits realized by the partnership would first be distributed proportionately to the limited partners until they had received amounts equal to their respective contributions to the partnership capital, plus amounts equal to a return at the rate of 10% per annum on their capital contributions; thereafter, 10% of the partnership remaining net profits were to be distributed to Godwin and 20% to the limited partners. In recognition that plaintiff had performed valuable services in conducting the necessary negotiations, Godwin assigned to plaintiff out of Godwin’s interest, the right to receive 5% of any net partnership profits remaining after the limited partners had received amounts equivalent to their capital contributions, plus a return on such contributions at the rate of 10% per annum. In December 1973 plaintiff assigned to a charitable organization his right to receive the 5% interest. In plaintiffs income tax return for 1971, he reported as income, in *892 amount of $1,000, the interest in the partnership’s net profit. In their joint income tax return for 1973 plaintiff and his wife claimed a charitable deduction of $180,000 on the basis of this contribution. In 1973 the land boom began to collapse and accelerated in 1974 and 1975. The IRS disallowed $179,000 of the deduction basing its decision on an engineer’s appraisal concluding that plaintiffs 5% interest had a fair market value of $1,000. In a recommended opinion (reported in full at 82-2 USTC para. 29,452 and 50 AFTR 82-5222) Trial Judge Mastín G. White, on the basis of valuation by appraisers and sales of property located near the partnership’s property, that plaintiffs charitable contribution did not have a fair market value greater than $1,000. Accordingly, plaintiffs are not entitled to recover. On August 20, 1982 the court, by order, adopted the recommended opinion as the basis for its judgment in this case and dismissed the petition.